# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

March 31, 2021

LETTER TO COUNSEL

RE:     *Emanual F. v. Saul*
        Civil No. DLB-19-3557

Dear Counsel:

On December 13, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to terminate his Disability Insurance Benefits.  ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response.  ECF 15 ("Pl.'s Mot."); ECF 16 ("Def.'s Mot."); ECF 17 ("Pl.'s Resp.").  I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018).  This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence.  42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration.  This letter explains my rationale.

Plaintiff was found disabled on October 13, 2011.  Administrative Transcript ("Tr.") 77. The SSA subsequently found plaintiff not disabled due to medical improvement as of May 1, 2016. Tr. 91-95.  After plaintiff appealed through the proper channels, an Administrative Law Judge ("ALJ") held a hearing on October 23, 2018.  Tr. 38-68.  Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 14-31.  Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA.  Tr. 1-3; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "status post history of gunshot wound to left shoulder with slight weakness, obesity, and depression."  Tr. 19.  Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except that he can never climb ladders, ropes, or scaffolds and occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  He can have no exposure to unprotected heights.

*Emanual F. v. Saul*
Civil No. DLB-19-3557
March 31, 2021
Page 2

> The claimant is further limited to frequent reaching with the upper left extremity and frequent handling and fingering with the left hand.  He is able to perform simple, routine, and repetitive tasks but not a production rate pace (e.g. assembly line work).  The claimant is able to make simple work-related decisions.

Tr. 24.  After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could perform his past relevant work as a short order cook.  Tr. 29.  The ALJ also found plaintiff could perform other jobs existing in the national economy.  Tr. 29.  Therefore, the ALJ concluded plaintiff was not disabled.  Tr. 30-31.

On appeal, plaintiff makes two arguments: (1) The ALJ erred in failing to resolve an apparent conflict between the Dictionary of Occupational Titles ("DOT") and the VE's testimony, and (2) the ALJ's decision is unsupported by substantial evidence because the ALJ's hypothetical to the VE inadequately set forth plaintiff's limitations.  Pl.'s Mot. at 8-22.  I agree with plaintiff that the ALJ's combined errors require remand.  Accordingly, I remand but express no opinion as to plaintiff's ultimate entitlement to benefits.

I.      The ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT.

An ALJ must identify apparent conflicts between the DOT and the VE's testimony.  SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000); *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015).  This affirmative duty extends to those conflicts "where the [VE's] testimony seems to, but does not necessarily, conflict with the [DOT]."  *Pearson*, 810 F.3d at 209.

Plaintiff argues that the ALJ erred in failing to resolve two apparent conflict between the VE's testimony and the DOT.  Pl.'s Mot. at 12-15.   First, plaintiff argues an unresolved apparent conflict exists between his past relevant work as a short order cook and an RFC limitation to "simple, routine, and repetitive tasks" and "simple work-related decisions."  *Id.* 12-13; Tr. 24.  A short order cook, or DOT 313.374-014, requires a reasoning level of three.  Pl.'s Mot. at 13.  Second, plaintiff argues the limitation of his RFC to unskilled work conflicts with the work of a short order cook, which involves semi-skilled work.  *Id.* at 14.  Plaintiff cites 20 C.F.R. §§ 404.1568 and 416.968, which provide that unskilled work corresponds to specific vocational preparation ("SVP") levels one and two.  *Id.*  A short order cook has an SVP of three.  *Id.*

The Commissioner elects not to argue that the ALJ appropriately resolved apparent conflicts and instead rests his entire argument on the ALJ's step-five determination.  *See* Def.'s Mot.  I agree with plaintiff that the ALJ erred with respect to his step-four determination that plaintiff could engage in his past relevant work as a short order cook.

First, as to the reasoning required of short order cooks, plaintiff is correct that the DOT indicates work as a short order cook requires a reasoning level of three.  DOT 313.374-014; *see* Pl.'s Mot. at 12-13.  Reasoning level three indicates the job requires employees to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic

*Emanual F. v. Saul*
Civil No. DLB-19-3557
March 31, 2021
Page 3

form … [and to] [d]eal with problems involving several concrete variables in or from standardized situations." DOT, App. C, 1991 WL 688702 (Jan. 1, 2016). Here, the ALJ limited plaintiff to "simple, routine, and repetitive tasks but not a production rate pace (e.g. assembly line work)." Tr. 24. The Fourth Circuit recently held, albeit in an unpublished opinion, "that a limitation to short and simple instructions appears inconsistent with jobs that require a Reasoning Development Level 3." *Keller v. Berryhill*, 754 F. App'x 193, 197 (4th Cir. 2018) (per curiam). In light of the above and the Commissioner's decision not to argue this point, I agree with plaintiff the ALJ here failed to resolve this apparent conflict.

Second, plaintiff is likewise correct a job as a short order cook has an SVP of 3. DOT 313.374-014; *see* Pl.'s Mot. at 13-14. SVP three corresponds to semi-skilled work. SSR 00-4p. Plaintiff argues his RFC, which does not include the phrase "unskilled work," is nonetheless an RFC limited to unskilled work. Pl.'s Mot. at 13-14. "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a). Further, "little specific vocational preparation and judgment are needed" in unskilled work. *Id.* Here, because the ALJ limited plaintiff to simple tasks, I agree with plaintiff his RFC reflects unskilled work and that SVP three is generally beyond unskilled work. Tr. 24; *see Dardozzi v. Colvin*, No. SAG-16-20, 2016 WL 6085883, at *5 (D. Md. Oct. 18, 2016) ("Unskilled work…is tantamount to simple, routine tasks."). Accordingly, the ALJ erred in failing to resolve an apparent conflict between plaintiff's past relevant work as a short order cook and the VE's testimony.

Because the ALJ failed to identify and resolve the above apparent conflicts, affirming based on his step-four determination is inappropriate. *Pearson*, 810 F.3d at 209.

II.   The ALJ's step-five determination that work within plaintiff's capabilities exists in significant numbers in the national economy is unsupported by substantial evidence.

In conducting substantial evidence review, courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual *determinations*." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted) (emphasis added). Thus, agency conclusions, stated in terms cognizable to the Court, necessarily predicate substantial evidence review. In *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019), the Fourth Circuit held an ALJ's RFC assessment limiting the plaintiff to work "requiring a production rate or demand pace" frustrated review because the Court lacked "enough information to understand what those terms mean[t]." Expressing no opinion as to whether the RFC findings were correct, the Court remanded for "a clearer window into" the ALJ's reasoning. *Id.* at n.5 ("Without further explanation, we simply cannot tell whether the RFC finding…properly accounts for [the plaintiff's] moderate limitations in concentration, persistence, or pace. On remand, the ALJ will need to establish for how long, and under what conditions, [the plaintiff] is able to focus…and stay on task at a sustained rate."). And, while in *Thomas* the ALJ's utilization of the ambiguous term was one among many reasons the Court remanded, the Fourth Circuit has subsequently remanded

solely for an ALJ's failure to define similar ambiguous terms in the RFC determination. *See, e.g.*, *Perry v. Berryhill*, 765 F. App'x 869, 873 (4th Cir. 2019).

Relatedly, the ALJ carries his burden at step five by "providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do" given her RFC. *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015); 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). "The Commissioner typically offers this evidence through the testimony of a [VE] responding to a hypothetical that incorporates the claimant's limitations." *Rholetter v. Colvin*, 639 F. App'x 935, 937 (4th Cir. 2016) (citing *Mascio*, 780 F.3d at 635). But "[i]n order for a [VE's] opinion to be relevant or helpful, . . . it must be in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments." *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) (citing *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989)).

Plaintiff argues that the ALJ's hypothetical to the VE could not apprise the VE of the limitation the ALJ had in mind and therefore that the ALJ's step-five determination is unsupported by substantial evidence. Pl.'s Mot. at 15-22. Specifically, plaintiff points out that the ALJ did not include the qualifier "(e.g. assembly line work)" in his hypothetical to the VE, which included the phrase "production rate pace." Pl.'s Mot. at 16. Plaintiff argues that the unclear hypothetical renders the VE's testimony unhelpful and unable to support the ALJ's step-five determination as substantial evidence. *Id.*

The Commissioner disagrees. Though the Commissioner acknowledges that the hypothetical to the VE lacked the qualifier the ALJ included in the RFC determination, he nonetheless argues that (1) plaintiff need have raised this argument during the hearing, while the ALJ could correct the mistake; (2) the Court can review the ALJ's decision because "e.g. assembly line work" provides sufficient context; and (3) the error is harmless because plaintiff has not demonstrated the ALJ's failure to define the term prejudiced him because none of the jobs identified by the VE involved work on an assembly line. Def.'s Mot. at 3-7. Because I disagree with the Commissioner on all three of his defenses of the ALJ's decision and agree with plaintiff that the ALJ's hypothetical did not adequately explain plaintiff's limitations, affirming the ALJ's decision based on his step-five determination is inappropriate.

First, the Commissioner's argument that plaintiff's failure to correct the ALJ during the hearing should preclude judicial review is without merit. *See* Def.'s Mot. at 4. The Commissioner relies on *U.S. v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952), but the Supreme Court has already distinguished the rationale in that case from cases arising under 42 U.S.C. § 405(g), at least with respect to requests for review to the Appeals Council. *See Sims v. Apfel*, 530 U.S. 103 (2000). Additionally, the Commissioner cites *Bennett v. Berryhill*, for the proposition that "[e]ven in the non-adversarial context of the Social Security Administration, it makes good sense to bar [p]laintiffs from side stepping the agency [by permitting] them to raise issues—that often are best considered by agency experts—for the first time on judicial review." 2019 WL 1104186, at *9 (E.D. Va. Feb. 15, 2019) (finding that the plaintiff waived Appointments Clause challenge by failing to raise it in front of the administrative agency). However, the Fourth Circuit recently found contrary to *Bennett*, holding that plaintiffs need not exhaust Appointments Clause challenges at

*Emanual F. v. Saul*
Civil No. DLB-19-3557
March 31, 2021
Page 5

the administrative level in a Social Security case in order to preserve the issue for judicial review. *Probst v. Saul*, 980 F.3d 1015, 1020 (4th Cir. 2020); *see Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018). *Probst* therefore directly contradicts *Bennett*'s holding and casts doubt on the soundness of *Bennett*'s reasoning. Accordingly, I disagree with the Commissioner that either *L.A. Tucker Truck Lines* or *Bennett* instruct that the plaintiff need have raised this issue at the hearing.

Second, the qualifier "e.g. assembly line work" may provide sufficient context to review the decision where the ALJ included the term in the hypothetical to the VE but excluded it from his RFC determination in the written decision, but the reverse is not equally true. This is because the Court reviews the entire administrative transcript, including the transcript of the oral hearing, and such explanation in a hypothetical may sufficiently apprise the Court of the ALJ's conclusions in the decision. *See Thomas*, 916 F.3d at 312. In the instant case, the ALJ erred in the reverse. The VE testified without the benefit of the qualification of "production rate pace," and the ALJ's subsequent inclusion of the term in the decision does not enhance the VE's understanding or her testimony. Further, "the Court cannot decisively say that had the ALJ elaborated on the RFC terms, the VE would have identified the same, or any, positions the hypothetical individual could perform." *Geneva W. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) (citing *Patterson v. Cmm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error." (internal citation omitted)).

The Commissioner typically uses VE testimony to meet his step-five burden of establishing work existing in significant numbers within a claimant's capabilities. *Rholetter*, 639 F. App'x at 937 (citing *Mascio*, 780 F.3d at 635). Thus, the accuracy and legibility of the hypothetical to the VE play an important role in the disability determination process, particularly where, as here, the ALJ relies on the VE's testimony as substantial evidence for his step-five conclusion that a claimant is not disabled:

> Based on the testimony of the vocational expert, the undersigned concludes that since May 1, 2016, the claimant was capable of making a successful adjustment to work that existed in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate. . . .

Tr. 30. The VE in this case responded to a question containing an ambiguous phrase, which is not defined in the regulations or the DOT. *See* Tr. 24, 63; *Thomas*, 916 F.3d at 312. Thus, I cannot determine whether the VE's testimony provides substantial evidence for the ALJ's step-five determination in the written decision. *Thomas*, 916 F.3d at 312 (noting ambiguous terms frustrate judicial review because it is "difficult, if not impossible" to assess whether substantial evidence supports the ambiguous conclusion); *see also Koonce v. Apfel*, 166 F.3d 1209, *5 (4th Cir. 1999) (per curiam) (citing *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986)) (observing that though an ALJ possesses "great latitude in posing hypothetical questions" to the VE, substantial evidence must support all such questions).

*Emanual F. v. Saul*
Civil No. DLB-19-3557
March 31, 2021
Page 6

Third, the Commissioner argues the error harmless, pointing out plaintiff's failure to show any of the jobs identified at step five involved assembly line work. Def.'s Mot. at 5-7. The Commissioner mistakes the significance of the ALJ's qualification of "production rate pace" with "(e.g. assembly line work)." *See* Tr. 24. Though certainly it follows from the ALJ's RFC determination plaintiff's impairments precluded work on an assembly line, the qualification by way of example leaves open—in fact, suggests—the existence of different work with similar production requirements outside plaintiff's capabilities. Thus, proving harmful error does not require plaintiff demonstrate each identified job actually involved work on an assembly line. Rather, plaintiff could argue each identified job required a pace outside his capabilities, such as exists on an assembly line, given his moderate CPP limitation.

Additionally, I disagree that an ALJ's inaccurate hypothetical and consequent failure to support his step-five determination with substantial evidence is harmless. The ALJ carries the burden at step five of proving work within plaintiff's capabilities existing in significant numbers. 20 C.F.R. §§ 404.1512(b)(3), 416.912(b)(3). If an ALJ cannot prove the existence of such work, a finding of disability is appropriate. The ALJ's ability to establish the existence of such work is therefore of great significance to the disposition of plaintiff's claim. Without evidence in the record establishing plaintiff could engage in such work, remand is necessary. *See Patterson*, 846 F.3d at 658 ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.") (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011)).

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 15, is denied, and the Commissioner's motion for summary judgment, ECF 16, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge